ANDERSON v. HOPKINS et al.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1899.)

No. 505.

1. RAILROADS—ACTIONS FOR PERSONAL INJURIES—PLEADING.

In a declaration in an action to recover for personal injuries to an infant, an averment that, while plaintiff was riding on the footboard of a switch engine, the servants of defendant "so negligently managed and controlled the engine, by bringing it to a sudden stop," that plaintiff was thrown therefrom by the jerk, and was run over, is a sufficient allegation that the sudden stopping of the engine was negligent, and excludes the idea that it was necessary and proper.

2. SAME—INJURY TO TRESPASSERS—MEASURE OF CARE REQUIRED.

The failure of employés of a railroad operating an engine to exercise reasonable diligence to avoid an injury to one perceived to be in a position of peril, from which he is not likely to extricate himself, though he is a trespasser, will render the railroad company liable for an injury which results.

Error to the Circuit Court of the United States for the Southern District of Illinois.

W. L. Taylor and M. Millard (F. C. Smith, of counsel), for plaintiff in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This action was brought by William Anderson, a minor, by next friend, against E. O. Hopkins and James

H. Wilson, receivers of the Louisville, Evansville & St. Louis Consolidated Railroad Company, to recover damages caused by being thrown from the footboard of the tender of a switching engine in the use of the receivers, at the city of East St. Louis. A demurrer to the amended declaration was sustained, and, the plaintiff declining to amend further, judgment was given for the defendants.

Four causes of demurrer were assigned, but they are all embraced in the one proposition that the declaration does not state a cause of action. The declaration shows that on the 16th day of November, 1895, the receivers were operating the road of the company named through Railroad avenue and across Main and Fourth streets, in the city of East St. Louis, St. Clair county, state of Illinois, and had in their use for that purpose a certain locomotive switching engine; that the plaintiff was at the time an infant "eight years old, and, by reason of his youth and want of experience, unable to appreciate the danger of being and riding upon said engine, but the defendants' servants in charge of said engine, notwithstanding the premises, then and there carelessly and knowingly permitted the plaintiff to get upon and ride upon the footboard of the tender attached to said engine, in a position of great peril to the plaintiff, which the defendants' said servants well knew; * * * that while he was then and there riding upon said footboard, with the knowledge of the defendants' said servants, and exercising such care and diligence as he was capable of using, the defendants' servants in charge of said engine so wantonly and negligently managed and controlled the same, by bringing it to such a sudden stop and jerk, that the plaintiff was thereby jerked and thrown from said footboard to the ground, and the wheels of said tender then and there passed over both of his legs, and so crushed and mangled the same that amputation thereof became and was necessary."

The chief objection urged against the declaration is that it does not show that the bringing of the engine to a sudden stop was not, under the circumstances, necessary, or apparently so, for the purpose of saving the boy from harm or for some other imperative reason. We think the averment that the servants of the receivers "so negligently managed and controlled the engine by bringing it to a sudden stop," etc., is equivalent to an averment that they negligently brought the engine to a sudden stop. So construed, the averment excludes the idea of necessity or excuse for the act. Whatever was negligently done cannot be said to have been done necessarily or reasonably.

It is further urged that the plaintiff, having been a trespasser, is without relief, unless the injury was willfully or maliciously inflicted. That rule does not apply when the injury befalls one who is perceived to be in a position of peril, from which, by reason of inability or inattention, he is not likely to extricate himself. A failure to exercise reasonable diligence to avoid injury to one perceived to be so situated is an actionable wrong, if harm results.

It is suggested that the declaration contains no averment that the plaintiff was free from fault, and himself exercising due care, at the time he was hurt. The averment quoted we think sufficient on that

point. The judgment below is reversed, with direction to overrule the demurrer.

SHOWALTER, Circuit Judge, did not participate in this decision.